UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOLOMON J. VERDIN, JR.                                CIVIL ACTION

VERSUS                                                NO. 18-4830

SHERIFF JERRY LARPENTER, ET AL.                       SECTION "J"(4)

## ORDER AND REASONS

The *pro se* plaintiff, Solomon J. Verdin, Jr., has filed the following *ex parte* motions seeking various relief in connection with his *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983:

(1) Motion for Leave to File Second Supplemental Complaint (Rec. Doc. No. 22) to include as exhibits copies of two of his disciplinary reports;

(2) Motion for Leave to File Third Supplemental Complaint (Rec. Doc. No. 23) seeking to add claims against the "medical personnel" claiming that he is supposed to be housed in a medical unit; and

(3) "Motion to Re-Compel" (Rec. Doc. No. 33) seeking an order directed to Warden Triche to provide Verdin with copies of all of the grievances he has filed;

Verdin filed the captioned complaint against the defendants, Terrebonne Parish Sheriff Jerry Larpenter, Warden Claude Triche, Captain Mitch Dupre, Captain Steve Bergeron, Captain Rhonda Ledet, Lieutenant Jeremy Authement, Lieutenant Tyler Theriot, Lieutenant Nicholas Daigle, Deputy April Bergeron, Deputy Kyndalyn Verdict, Deputy Kristie Johnson, and Deputy Maci Hidalgo, claiming that his right to privacy is violated, because female guards at the Terrebonne Parish Criminal Justice Complex can see the inmates naked in the showers.[1] He also

---

[1] Rec. Doc. No. 4, 21, 46. On July 9, 2018, the Court held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

asserts that the female deputies are distracted by the nude inmates and, as a result, he is often not taken for his breathing treatments on time.

I. **Motions to Supplement (Rec. Doc. Nos. 22, 23)**

Verdin seeks to add exhibits to his pleadings, specifically copies of two disciplinary reports filed against him for rule violations which he claims were falsified. He also moves to include claims against unidentified "medical personnel" for failing to house him in a medical unit.

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When addressing a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

In this case, neither of Verdin's motions present matters which meet the standard for an amendment under Rule 15. First, the disciplinary reports are exhibits which are not needed as a part of Verdin's pleadings. If his claims proceed, he will have an opportunity in the appropriate hearing or proceeding to present relevant and admissible exhibits. He has failed to establish a right to supplement the record at this time.

In addition, Verdin has failed to identify the particular defendant or the "medical personnel" against whom he seeks to assert his claim that he should be housed in a medical unit. Even if he were to do so, the amendment would be futile. Verdin has not right to be housed in a particular part of the prison. *Lofton v. Estes*, No. 09-1789, 2010 WL 5663104, at *4 (W.D. La. Dec. 28, 2010) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983)). As such, his proposed new claim fails to state a non-frivolous claim or one for which relief could be granted. For this reason, he is not entitled to supplement his complaint under Rule 15.

For the foregoing reasons, Verdin's Motion for Leave to File Second Supplemental Complaint (Rec. Doc. No. 22) and Motion for Leave to File Third Supplemental Complaint (Rec. Doc. No. 23) are denied.

II. **"Motion to Re-Compel" (Rec. Doc. No. 33)**

In this motion, Verdin seeks an order to compel Warden Triche to provide him with copies of his grievance request forms submitted to the prison. As the Court made very clear in its order denying Verdin's prior motion to compel production of the same documents, he is not entitled to the relief sought.

As Verdin has already been advised, neither his *pro se* nor pauper status entitle him to avoid the costs of discovery or the costs of serving any necessary discovery to obtain these items. *Accord Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991). He will have to present any

discovery and production requests directly to the appropriate party or non-party in accordance with the Federal Rules of Civil Procedure.

To the extent he requests this Court compel discovery from Warden Triche, he again has not indicated any attempt to obtain the information directly from the Warden or other appropriate party to warrant intervention by the Court under Fed. R. Civ. P. 37(a)(3)(B). In addition, pursuant to Fed. R. Civ. P. 37(a)(1), the plaintiff also is required to provide a certification that he conferred or attempted to confer with opposing counsel in an effort to resolve the matter without court action. Verdin has not included a certification of this kind nor has he indicated that he attempted to amicably resolve the discovery issues alleged before filing this motion. Thus, he is not entitled to a court order to compel discovery responses at this time. Verdin's Motion to Re-compel (Rec. Doc. No. 33) must be denied. Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff Solomon Verdin's Motion for Leave to File Second Supplemental Complaint (Rec. Doc. No. 22), Motion for Leave to File Third Supplemental Complaint (Rec. Doc. No. 23), and "Motion to Re-Compel" (Rec. Doc. No. 33) are **DENIED**.

New Orleans, Louisiana, this __16th__ day of July, 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**