# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SOLOMON J. VERDIN, JR.                                          CIVIL ACTION

VERSUS                                                          NO. 18-4830

SHERIFF JERRY LARPENTER, ET AL.                                SECTION "J"(4)

## PARTIAL REPORT AND RECOMMENDATION

Before the Court are the following motions filed by the plaintiff, Solomon J. Verdin, Jr.:
(1) **Motion for Temporary Restraining Order (Rec. Doc. No. 24)** seeking an order "compelling"
Sheriff Larpenter and Warden Triche and Terrebonne Parish President Gordon Dove to treat his
medical conditions and personally assure his physical and mental safety; (2) **Motion for
Injunctive Relief (Rec. Doc. No. 25)** seeking an order to compel the Terrebonne Parish Criminal
Justice Complex to allow him more access to the law library at the prison; and (3) **Motion to
Compel (Rec. Doc. No. 32)** seeking an order directed to Sheriff Larpenter, Warden Triche, all
ranking deputies, Medical Administrator Richard P. Neal, the medical staff, and the District
Attorney Joseph Waitz, Jr., directing them not to retaliate against him. These motions were
referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing,
if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28
U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.
On July 9, 2018, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny,
with the plaintiff and counsel for defendants participating by telephone.[2] Upon review of the entire

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges
occurred and the legal basis for the claims. The information received is considered an amendment to the complaint
or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 46. The hearing was digitally recorded.

record, the Court has determined that the motions can be disposed of without an evidentiary hearing.

## I.    <u>Background</u>

Verdin filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Terrebonne Parish Sheriff Jerry Larpenter, Warden Claude Triche, Captain Mitch Dupre, Captain Steve Bergeron, Captain Rhonda Ledet, Lieutenant Jeremy Authement, Lieutenant Tyler Theriot, Lieutenant Nicholas Daigle, Deputy April Bergeron, Deputy Kyndalyn Verdict, Deputy Kristie Johnson, and Deputy Maci Hidalgo.  For purposes of resolving these motions, the Court briefly summarizes the claims included in his complaint as supplemented.[3]

Verdin asserts that his right to privacy was violated, because female guards at the Terrebonne Parish Criminal Justice Complex can see the male inmates naked in the showers.  He also asserts that the female deputies are distracted by the nude inmates and, as a result, he is often not taken for his breathing treatments on time.

## II.    <u>Motions for Injunctive Relief (Rec. Doc. Nos. 24, 25, 32)</u>

Verdin has filed several pleadings captioned as motions to "compel" and docketed by the clerk of court as motions for injunctive relief.  In his pleadings he seeks orders addressed to two named defendants, Sheriff Larpenter and Warden Triche, and several non-parties, Parish President Gordon Dove, the Terrebonne Parish Criminal Justice Complex, Medical Administrator Richard P. Neal, and District Attorney Joseph Waitz, Jr., seeking orders for continued medical care, law library access, and assurance of his safety and orders preventing retaliation against him.  Verdin,

---

[3]Rec. Doc. No. 4, 21; The *Spears* Hearing testimony is considered in this brief recitation of the facts.

however, has failed to establish his entitlement to any temporary, preliminary, or permanent injunctive relief.

The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). An injunction is to be the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir.1971) (affirming denial of injunction to obtain release from administrative segregation).

The Supreme Court has explained that a plaintiff seeking an injunction must show that he has suffered an irreparable injury, remedies available at law such as monetary damages are inadequate to compensate for that injury, a remedy at equity is warranted when considering the balance of hardships between the plaintiff and defendant, and the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Association, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). These standards are essentially the same for both preliminary and permanent injunctions, except to obtain a permanent injunction, the plaintiff must normally show actual success on the merits rather than a mere likelihood of success. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S.

531, 546 n.12 (1987); *VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (listing "success on the merits" as a prerequisite for obtaining a permanent injunction).

In keeping with this, Fed. R. Civ. P. 65 sets forth the basic framework for the issuance of a preliminary injunction or temporary restraining order. Under this rule, a preliminary injunction may issue *inter alia* "only on notice to the adverse party." In this case, Verdin has identified several parties to be subjected to his injunctive relief who are not party to this suit and who do not appear to have been provided notice of his intent to seek injunctive relief.

For a temporary restraining order to be issued under Rule 65 without notice to all parties, Verdin is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [Verdin] before the adverse party can be heard in opposition." Verdin also must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Verdin has not presented any such affidavit or verified in his complaint that he is under any irreparable injury, loss, or damage. In the *Spears* Hearing, Verdin conceded that, although his breathing treatments were occasionally delayed, he had not gone without the prescribed treatments. He also indicates in his pleadings that he is allowed to use the prison law library as limited by the prison administrations' rules. He also has not established that any defendant, or person identified in his various motions, has actually retaliated against him for exercising a constitutional right. *See Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

Verdin simply has not met any of the criteria for obtaining temporary, preliminary, or permanent injunctive relief. Aside from the fact that he has not established that he will prevail or is likely to prevail on the merits of his underlying claims, he has not shown a substantial threat of irreparable injury as a result of being housed where he is or in the treatment he receives. He has

4

not alleged or shown that he has suffered any harm much less irreparable harm at the hands of the defendants or anyone named in his motions.

Considerations of federalism weigh heavily against interference by federal courts through the issuance of injunctions against prison officials in their day-to-day operations of a prison, including how to respond to an inmate's general requests for library access and housing locations. *See Lewis v. Casey*, 518 U.S. 343, 362 (1996) (federal courts should not allow themselves to become "enmeshed in the minutiae of prison operations"); *Block v. Rutherford*, 468 U.S. 576, 584-85 (1984) (prison administrators are to be accorded wide-ranging deference in the adoption and execution of policies and practices which in their judgment are needed to preserve internal order and discipline and maintain internal security).  In addition, the Prison Litigation Reform Act prohibits orders granting prospective relief or a preliminary injunction unless the Court first finds that such relief is narrowly drawn, extends no further than necessary to correct the harm, and is the least intrusive means necessary to correct the harm.  18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). Verdin has not met this burden or established that he is entitled to injunctive relief.  His motions should be denied.

### III.    <u>Recommendation</u>

It is therefore **RECOMMENDED** that Verdin's **Motion for Temporary Restraining Order (Rec. Doc. No. 24)**, **Motion for Injunctive Relief (Rec. Doc. No. 25)**, and **Motion to Compel (Rec. Doc. No. 32)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 20th day of July, 2018.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE